**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

No. 12-60085
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER WAYNE GABLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-43-1

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Christopher Wayne Gable appeals the sentence imposed by the district court following his guilty plea conviction for three counts of bank robbery. He argues that the sentence is substantively unreasonable and too severe, given that he cooperated and assisted law enforcement officers, he was not armed, and he took a small amount of money totaling just over $2000 from all three banks.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Gable did not object to the substantive reasonableness of the sentence in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court did not err in imposing the 78-month within-guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Gable's within-guidelines sentence is presumed reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court considered Gable's arguments for a lesser sentence, including his mental health and drug addiction problems, as well as the Presentence Report, the applicable guidelines range, and the 18 U.S.C. § 3553(a) factors. The Presentence Report noted that Gable was unarmed, that he cooperated with the Government, and that he took a relatively small amount of money. Gable has not shown that the district court made a clear error of judgment in balancing the § 3553(a) factors. *See Cooks*, 589 F.3d at 186. His arguments constitute a disagreement with the district court's weighing of those factors; he is essentially asking this court to reweigh the § 3553(a) factors, which it may not do. *See id.*; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Therefore, Gable has not shown that the district court erred, plainly or otherwise, in imposing the 78-month within-guidelines sentence. *See Cooks*, 589 F.3d at 186; *Gomez-Herrera*, 523 F.3d at 565-66.

AFFIRMED.